UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN ADGUSTO CHACON, | No. C 05-4880 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| D. GALLIAN, sergeant; et al., | |
| Defendants. | |

A. Scheduling For Motion For Summary Judgment

The court ordered service of process in this action and set a briefing schedule for dispositive motions many months ago. Defendants filed a "notice that this case could not be resolved by dispositive motion at this time" on October 4, 2006. The court then set a case management conference and required the parties to file case management statements. (The conference was cancelled when plaintiff failed to provide a telephone number at which he could be reached and failed to provide a case management conference statement. At the time, plaintiff was out of custody, but he has since returned to prison.) In their case management statement, defendants indicated a desire to file a motion for summary judgment and take plaintiff's deposition. See Defendants' Case Management Statement, p. 2. The court now will set a briefing schedule for defendants to file a motion for summary judgment that will allow sufficient time for defendants to depose plaintiff before they file the motion:

1. Defendants must file and serve their motion for summary judgment no later than **November 9, 2007**.

1........2. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment no later than **December 21, 2007**.

........3. Defendants must file and serve their reply brief, if any, no later than **January 11, 2008**.

B.....Plaintiff's Motions

Plaintiff has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is DENIED. (Docket # 29.)

Plaintiff has filed document entitled "motion for briefing & trial date." The motion is DENIED. (Docket # 28.) Because defendants have expressed an interest in filing a motion for summary judgment, the court will not set a trial date unless and until plaintiff's case survives that motion.

Plaintiff is reminded that he must promptly file and serve on defense counsel a notice of change of address each time his address changes.

IT IS SO ORDERED.

Dated: September 21, 2007

_____
SUSAN ILLSTON
United States District Judge