United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN ADGUSTO CHACON,<br><br>Plaintiff,<br><br>v.<br><br>D. GALLIAN, sergeant; et al.,<br><br>Defendants.<br>_____/ | No. C 05-4880 SI (pr)<br><br>**ORDER (1) RE. MISCELLANEOUS MOTIONS; (2) SCHEDULING CONFERENCE, PRETRIAL, AND TRIAL DATES; AND (3) REFERRING CASE TO MEDIATION** |

A.   <u>Miscellaneous Motions</u>

Plaintiff filed a "motion for a continuance" and later a "request of scheduling for motion for summary judgment," both of which requested a continuance of the deadline scheduled for him to file his opposition to the motion for summary judgment. The motion and request are DENIED as moot. (Docket # 32 and # 34.) There was no need or reason for plaintiff to file an opposition because defendants never filed a motion for summary judgment.

Plaintiff also sent to the court a letter requesting the court intervene to prevent his transfer to Pelican Bay because he speculated that he would be unable to receive medical care at that facility. (Docket t# 33.) The request is DENIED as moot because, after the request was made, plaintiff was transferred to CCI - Tehachapi. Furthermore, absent extremely unusual circumstances not present here, the court does not interfere in housing decisions made by the CDCR. See <u>Turner v. Safley</u>, 482 U.S. 78, 84-86 (1987); <u>Wright v. Rushen</u>, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution).

B. <u>Scheduling</u>

It appears that this case is almost ready for trial. No dispositive motion was made and the November 9, 2007, deadline for defendants to file a motion for summary judgment has long passed. Discovery is or shortly will be finished; more than a year ago, plaintiff reported that he had no discovery to do and defendants reported that the only discovery they still needed to do was to take plaintiff's deposition. (<u>See</u> Docket # 16 and # 24.) Defendants have filed an answer to the amended complaint. It appears that neither plaintiff nor defendants demanded a jury trial. The court therefore sets the following dates:

A further telephonic case management conference will be held at **2:00 p.m. on Thursday, June 19, 2008**. Defense counsel shall initiate the conference call, and shall have plaintiff on the line before connecting the call to the court. No later than **June 6, 2008**, the plaintiff and defendants must file and serve separate written lists of their intended witnesses for trial. For each witness on his witness list, the party shall state briefly the testimony expected from that witness. One of the reasons for the witness list is that advance planning is necessary if witnesses need to be subpoenaed or, in the case of prisoner-witnesses, brought by writ of habeas corpus. The court will not issue writs or have subpoenas served unless plaintiff submits a proposed witness list in which he explains where each witness is located and what each witness is expected to testify about so that the court can determine whether each proposed witness is necessary and what needs to be done to bring him/her to the trial. Plaintiff is reminded that, for each non-prisoner witness who is not willing to show up voluntarily, plaintiff needs to subpoena the witness and must pay to that witness a witness fee of $40.00 and travel expenses. <u>See</u> 28 U.S.C. § 1821(b) & (c). These fees cannot be waived by the court. Therefore, plaintiff needs to be able to explain at the case management conference the arrangements he has made to pay the fees and expenses of his witnesses. The parties also should be prepared to discuss at the conference any other concerns they have about the litigation of this action so that it is ready for trial in September.

/ / /

/ / /

2

The parties must fully comply with the pretrial instructions sent with this order.

A pretrial conference will be held at **10:00 a.m. on Monday, September 8, 2008**.

The bench trial will commence at **8:30 a.m.** on **Tuesday, September 9, 2008**.

C.  Reference To Mediation Program

The court has a Pro Se Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator. Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within **ninety days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

The referral of this case to the mediation program does not affect the other dates set in this order. The dates for the case management conference, pretrial conference and trial have been selected so that the case is ready for trial shortly after the mediation concludes if the mediation does not successfully resolve the case.

The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of the case file for this action.

IT IS SO ORDERED.

Dated: May 7, 2008

_____
SUSAN ILLSTON
United States District Judge

3