United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN A. CHACON,<br><br>    Plaintiff,<br><br>  v.<br><br>D. GALLIAN, sergeant; et al.,<br><br>    Defendants                    / | No. C 05-4880 SI (pr)<br><br>**ORDER RE. TRIAL PREPARATION** |

This matter is now before the court for attention to matters that need to be addressed before the trial date. The pretrial conference remains on calendar for 10:00 a.m. on Monday, December 15, 2008, and the bench trial remains on calendar to commence at 8:30 a.m. on Tuesday, December 16, 2008.

<u>Summary Judgment Motion</u>: Defendant Lisa Graham filed a motion for summary judgment on October 9, 2008. The motion is DENIED. (Docket # 51.) The motion was not filed by the May 30, 2008 deadline set for summary judgment motions. <u>See</u> May 15, 2008 Scheduling Order (explaining background of dispositive motion deadline). The present motion is the second motion filed on behalf of defendant Graham, and fails to explain why the ground raised in it was not raised in the first motion filed on her behalf. The piecemeal presentation is particularly inexplicable given that the contention made in the second motion for summary judgment – that Graham was not employed at the prison on the dates on which the allegedly deficient medical care was provided – is one that should have been obvious long before the first motion for summary judgment was filed. Additionally, the material on which the motion is based is not newly discovered – the personnel record has a date stamp (apparently from a fax machine) of August 20, 2008, <u>see</u> Exh. A to Yu Decl., almost two months before the motion was

filed – suggesting the motion may have been made at this late date to delay the trial date. Further, past experience in other prisoner cases leads the court to believe that the prisoner-plaintiff may be in transit to a prison closer to the courthouse for the early part of December and possibly the end of November, making it unlikely that he will be able to prepare an opposition to Graham's motion for summary judgment before the trial date. Even if Graham could prevail on her motion, the claims against the other defendants would have to proceed to trial. The contention that Graham makes in her motion for summary judgment can be raised as a defense at the trial. Plaintiff should be prepared to meet that defense with any evidence he can muster if he believes Graham was working at the prison during the relevant time period.

Prisoner-Witnesses: Plaintiff has filed an "Intended Witnesses" statement in which he identified two prisoners he wishes to call as witnesses at trial and described their expected testimony. Docket # 45 and # 50. Upon due consideration of plaintiff's "Intended Witnesses" statement, the court finds that inmates Michael Lerma (cell D-3 B-123) and Frank Fernandez (cell D-3 B-125) (CDCR # D-61222) appear to have information relevant to plaintiff's claims. Because this case will have a bench trial rather than a jury trial, and because it is very costly and time-consuming to have the two witnesses transported to the courthouse to testify, it is in the interest of justice to have them testify by telephone.[1] Cf. 42 U.S.C. § 1997e(f)(1). Plaintiff may be unfamiliar with testimony by telephone, so the court provides this further explanation: There will be a speaker phone in the courtroom, and the witnesses will be in Pelican Bay rather than in San Francisco; one inmate witness will be sworn in and will testify in response to questions posed by plaintiff and then by defense counsel; then the second inmate witness will be sworn in and will testify in response to questions posed by plaintiff and then by defense counsel. Plaintiff may wish to write a list of questions to ask each witness about what that witness observed with regard to plaintiff's condition, plaintiff's requests to medical personnel, and the

---

[1] The two inmate-witnesses are incarcerated at Pelican Bay State Prison. Plaintiff is now incarcerated at the C.C.I. in Tehachapi, California. Thus, it is not simply a matter of putting three people instead of one person on a single bus, but instead would require a second set of correctional officers in a second vehicle traveling from a different part of the state to bring the two inmate-witnesses to the courthouse.

defendants' responses, so that he is prepared for these trial witnesses.

Defense counsel is directed to contact prison officials at Pelican Bay State Prison to make arrangements for these two prisoners (i.e., Michael Lerma and Frank Fernandez) to be available to testify by telephone conference call from Pelican Bay on December 16-17, 2008. Defense counsel also is directed to contact the courtroom deputy to obtain the telephone number and make arrangements for that conference call.

<u>Plaintiff's Attendance At Trial</u>: Defense counsel has submitted and the court has issued an order for habeas corpus ad testificandum to bring plaintiff to the courthouse for the pretrial conference and trial. Defense counsel is directed to work with the prison officials to have plaintiff brought to the courthouse pursuant to the order. Defense counsel also is directed to inform prison officials that plaintiff is to be allowed to bring up to one box of legal materials with him for use at the trial.

IT IS SO ORDERED.

Dated: November 21, 2008

_____
SUSAN ILLSTON
United States District Judge